**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARCUS AUSLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00644-JAR |
| | ) | |
| DALE GLASS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff Marcus Ausler's amended complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court will direct plaintiff to file a second amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating

that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who is currently a pretrial detainee at the St. Louis City Justice Center (CJC) in St. Louis, Missouri. On June 7, 2021, he filed a civil action pursuant to 42 U.S.C. § 1983, alleging the use of excessive force while he was an inmate at both the CJC and the St. Louis Medium Security Institution (MSI). (Docket No. 1). His complaint named sixteen separate defendants: Commissioner Dale Glass; Superintendent Adrian Barnes; Deputy Commissioner George Hayes; Superintendent Jeffrey E. Carson; Lieutenant Javan Fowlkes; Lieutenant Archibald; Lieutenant Thomas; Officer Lester; Officer Michael Allen; Officer Randy Powell; Officer Paul Hopgood; Officer Paul Tillery; Officer Che Boatman; Officer Robinson;

Lieutenant Sidney Turner; and Officer John Doe. In the complaint, plaintiff presented allegations regarding five separate incidents of excessive force spread across two different institutions.

Along with his complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). On October 29, 2021, the Court granted the motion and assessed an initial partial filing fee. (Docket No. 5). Because he was proceeding in forma pauperis, the Court reviewed plaintiff's complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that the complaint was deficient. In particular, the Court explained that plaintiff had not presented any facts to support his official capacity claims, that he had failed to make specific allegations against many of the defendants in their individual capacities, and that he had impermissibly joined claims arising out of different transactions or occurrences.

Rather than dismissing the complaint, the Court ordered plaintiff to submit an amended complaint within thirty days. To aid him, he was given detailed instructions on how to properly amend.

Plaintiff filed his amended complaint on November 24, 2021. (Docket No. 6).

**The Amended Complaint**

Plaintiff brings his amended complaint pursuant to 42 U.S.C. § 1983, naming sixteen separate defendants: (1) Commissioner Dale Glass; (2) Superintendent Adrian Barnes; (3) Deputy Commissioner George Hayes; (4) Medium Security Institution (MSI) Superintendent Jeffrey Carson; (5) Lieutenant Sidney Turner; (6) Lieutenant Javan Fowlkes; (7) Correctional Officer Michael Allen; (8) Correctional Officer Paul Hopgood; (9) Correctional Officer Che Boatman; (10) Correctional Officer Paul Tillery; (11) Correctional Officer Randy Powell; (12) Correctional Officer Jamal Robinson; (13) Correctional Officer Kenneth Williams; (14) Lieutenant Brandy Archibald; (15) Lieutenant Thomas; and (16) Correctional Officer Marco Lester. (Docket No. 6 at

2-6). Defendants are all sued in both their individual and official capacities. As in the original complaint, plaintiff's allegations concern five separate instances of excessive force occurring in at least two different correctional facilities.

In the "Statement of Claim," plaintiff accuses Commissioner Glass, Superintendent Barnes, Deputy Commissioner Hayes, and Superintendent Carson of violating his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. (Docket No. 6 at 3, 7). He alleges that they failed to remedy his situation, keep him safe, respond to his grievances, and prevent subordinates from violating his rights.

As to the incidents themselves, plaintiff begins by asserting that on April 2, 2020, Lieutenant Turner "constantly sprayed [his] face and inside of [his] mouth with mace." (Docket No. 6 at 7). She then rushed him towards the back of his cell, using "handcuffs as brass knuckles" and threatening "to do bodily harm." Afterwards, plaintiff states that he was denied medical attention, placed in a "small room" where he was "left to marinate" in the mace on his body, and passed out from a "lack of oxygen," hurting his nose and back.

On September 29, 2020, at 3:45 p.m., plaintiff alleges that Lieutenant Fowlkes sprayed his "whole body…with mace from head to toe." More specifically, he states that Lieutenant Fowlkes sprayed him four times while he was in solitary confinement, and "was posing no threat." Plaintiff was left "to marinate in mace" inside his cell for ten minutes, then placed in handcuffs and shackles that were too tight. He was put in a "restraint chair in frigid cold air for 3½ hours," with the mace still on his skin. Plaintiff states that the other members of Lieutenant Fowlkes's "tactical team" were Officer Allen, Officer Hopgood, Officer Boatman, and Officer Powell. (Docket No. 6 at 8). He accuses them all of using "unnecessary roughness while [he] was in handcuffs and shackles," resulting in restraints so tight they caused his blood to not circulate properly. Plaintiff further

asserts that Officer Tillery watched this incident from the guard tower and failed "to protect [plaintiff] after [he] informed [Tillery] to call the police."

On October 3, 2020, plaintiff asserts that Lieutenant Fowlkes had him put in a restraint chair for an "incident" that occurred the day before. (Docket No. 6 at 9). He does not describe the nature of this incident. In any event, plaintiff alleges that he was left in the chair for fourteen hours and deprived of the use of a restroom. He also states that he was stripped naked, put in a smock, and left "in frigid air." Plaintiff states that Officer Williams, Officer Robinson, and Officer Boatman took part in this alleged constitutional violation. With regard to Officer Williams, plaintiff states that Williams actually put him in the chair, per Lieutenant Fowlkes's order. Officer Williams purportedly used "excessive force" by tightening the restraints too tightly. Likewise, plaintiff also accuses Officer Boatman of using "excessive force" by tightening his restraints too tightly. As to Officer Robinson, plaintiff asserts that Robinson cut off his clothes with "unnecessary" force, and assisted in putting him into restraints.

On January 22, 2021, while at the MSI, plaintiff states that Lieutenant Archibald and Officer Lester sprayed him with "mace from head to toe," even though he posed "no threat." (Docket No. 6 at 10). He further states that he could not breathe, was denied medical treatment, was stripped "naked and made to walk barefoot," and was left in his cell for fourteen days without a shower, "with mace marinating on [his] person."

Finally, on February 2, 2021, while at MSI, plaintiff states that Lieutenant Thomas sprayed his "whole entire body" with mace after he returned from an attorney call. He contends that he posed "no threat," and asserts that he was denied medical treatment and placed back in his cell "to marinate in mace."

As a result of these incidents, plaintiff asserts that he has sustained "permanent back problems" and "emotional distress." (Docket No. 6 at 7). He also states that his "right pinky finger is not properly working and [his] big toes on both feet" have lost feeling. Plaintiff is seeking $250,000 in damages. (Docket No. 6 at 12).

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, accusing sixteen different defendants of violating his constitutional rights during five separate use-of-force incidents in at least two different correctional facilities. Because he is proceeding in forma pauperis, the Court has reviewed his amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's amended complaint is still deficient. However, he will be given the opportunity to file a second amended complaint.

**A. Deficiencies in Complaint**

Plaintiff's amended complaint remains deficient and subject to dismissal for three reasons. First, as to the official capacity claims against all the defendants, plaintiff has presented no facts to support the proposition that the City of St. Louis is liable to him due to an unconstitutional policy, custom, or failure to train. Instead of providing supporting factual allegations, plaintiff merely recites the cause of action, which is insufficient. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that to state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice").

Second, plaintiff has failed to make specific allegations against each defendant. Instead, many of the defendants are alleged to have done the exact same thing, making it impossible to

know what each individual actually did or did not do to violate plaintiff's constitutional rights. For example, regarding the September 29, 2020 incident, plaintiff accuses Officers Allen, Hopgood, Boatman, and Powell of using "unnecessary roughness" in tightening his restraints. The allegations against each of these four defendants are identical, leaving it unclear whether all four took turns tightening plaintiff's restraints, whether his restraints were tightened at different times, or whether he is attempting to assert liability against each defendant for the actions of one. In any event, this type of pleading, in which plaintiff refers to several defendants as an undifferentiated group, is not sufficient to state an individual capacity claim. *See S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (stating that individuals in a 42 U.S.C. § 1983 action "are personally liable only for their own misconduct").

Finally, despite the Court explicitly advising plaintiff to only present claims regarding the same transaction or occurrence, he has once again alleged that his rights were violated in five different use-of-force incidents occurring at different times in at least two different institutions. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). While joinder of claims, parties, and remedies are encouraged under the Federal Rules of Civil Procedure, permissive joinder is not applicable in all cases. *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). In particular, there are two specific requisites for joinder, including the requirement that the asserted right to relief against each defendant must arise out of the same transaction or occurrence. *Id*. As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of

different transactions or occurrences. In other words: "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In this case, plaintiff appears to be attempting to bring five separate use-of-force claims involving the deployment of mace against him. Of the five separate incidents described in the complaint, only two of them involve the same defendants. More precisely, Lieutenant Fowlkes and Officer Boatman were allegedly involved in the second and third incidents, occurring on September 29, 2020 and October 3, 2020, respectively. The other three incidents involved entirely separate defendants. Furthermore, these allegations took place in at least two separate correctional facilities. Other than the fact that mace was used, plaintiff has not demonstrated that these incidents, occurring over the course of ten months in at least two separate jails, constitute a single transaction or occurrence.

Despite the deficiencies in his complaint, the Court will not dismiss it at this time. Instead, plaintiff will once again be allowed to amend his complaint according to the instructions set forth below. **In preparing his second amended complaint, plaintiff must follow these instructions. Failure to follow these instructions may result in the dismissal of his claims**.

**B. Amendment Instructions**

Plaintiff should type or neatly print his second amended complaint on the Court's prisoner civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the second amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must

name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should fill out the complaint form in its entirety, provide the case number in the upper righthand corner of the first page, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

**The Court will not allow plaintiff to join unrelated claims in his second amended complaint**. The second amended complaint should only include claims that arise out of the same transaction or occurrence. **In other words, plaintiff should only include claims that are related to each other**. *See* Fed. R. Civ. P. 20(a)(2).

As noted above, plaintiff's amended complaint contains allegations about five separate incidents occurring over a ten month period involving sixteen different defendants and at least two separate institutions. This is not permitted, and the Court will not allow plaintiff to simply bring every claim he has in a single lawsuit, without showing that the right to relief asserted against all the defendants arise out of the same transaction or occurrence. The Court will also not allow plaintiff to bring claims against defendants for events occurring at different institutions, at different times. **If plaintiff insists on attempting to join unrelated claims, those unrelated claims will be dismissed**. However, if plaintiff has multiple claims against a **single** defendant, he may name that person and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

By way of example, plaintiff may choose to bring allegations against multiple defendants relating to **one** – but not all – of the five use-of-force incidents. Conversely, he can choose **one** of the sixteen defendants and bring as many claims as he has against that single person.

In structuring his second amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

The Court notes that in his amended complaint, plaintiff asserts identical allegations against several defendants. For instance, with regard to the September 29, 2020 incident, plaintiff accuses Officers Allen, Hopgood, Boatman, and Powell of using "unnecessary roughness" in tightening his restraints, employing the exact same language for each. This type of boilerplate pleading is insufficient. Rather, if plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of a second amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file a second amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file a second amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of plaintiff's second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 28th day of March, 2022.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**